```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  SEAN C. FLYNN
    Assistant U.S. Attorney
 3  501 "I" Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2771
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. 2:09-CR-0066-GEB |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND PROPOSED ORDER FOR EXCLUSION OF TIME UNTIL NEXT STATUS CONFERENCE |
| v. | ) | |
| DENNIS AARON MOORE, ET. AL., | ) | Date: June 25, 2010 |
| Defendants. | ) | Time: 9:00 a.m. Hon. Garland E. Burrell |

On June 25, 2010, the parties to the above-captioned criminal matter appeared for a status conference before the Honorable Garland E. Burrell. After discussion with counsel, the Court set a further status conference in the case for Friday, July 23, 2010, at 9:00 a.m.

It is hereby stipulated and agreed to between the United States of America through SEAN C. FLYNN, Assistant United States Attorney, and defendants, DENNIS MOORE, MITCHELL WRIGHT, HAIYING FAN, and GARY GEORGE, by and through their respective counsel, that the time period from June 25, 2010, up to and including the new status conference date of July 23, 2010, should be excluded from computation of the time for commencement of trial under the Speedy

1

Trial Act.  The parties stipulate that the ends of justice are served by the Court excluding such time, so that each defense counsel may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  Specifically, each defendant agrees that his or her counsel needs additional time to continue discussions with the government regarding potential resolution of the case, review produced discovery in the case, and effectively evaluate the posture of the case and potentially prepare for trial.  See id.  Additionally, the parties continue to stipulate that the above-captioned case is unusual and complex such that it is unreasonable to expect adequate preparation for pretrial proceedings or for a potential trial within the time limits established by the Speedy Trial Act.

For these reasons, the defendants, defense counsel, and the government stipulate and agree that the interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B)(iv) (Local Code T4); 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2).

                                        Respectfully Submitted,

                                        BENJAMIN B. WAGNER
                                        United States Attorney

DATE: June 29, 2010        By:   /s/ Sean C. Flynn
                                                SEAN C. FLYNN
                                                Assistant U.S. Attorney

DATE: June 29, 2010

   /s/ Robert Beles by SCF
ROBERT BELES
Counsel for Dennis Aaron Moore

DATE: June 29, 2010

   /s/ Scott A. Sugarman by SCF
SCOTT A. SUGARMAN
Counsel for Mitchell B. Wright

DATE: June 29, 2010

   /s/ Michael Bigelow by SCF
MICHAEL B. BIGELOW
Counsel for Gary Lorenzo George

DATE: June 29, 2010

   /s/ Christopher H. Wing by SCF
CHRISTOPHER H. WING
Counsel for Haiying Fan

**IT IS SO ORDERED.**

Dated:   June 29, 2010

GARLAND E. BURRELL, JR.
United States District Judge

3